IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TAIWO AGBAJE, et al.

    v.                         Civil Action No. DKC 18-3534

MARVIN E. SAUL, et al.

**MEMORANDUM OPINION & ORDER**

On November 15, 2018, Taiwo Agbaje and Mary Agbaje ("Plaintiffs") filed a complaint alleging that Defendant Marvin Saul's negligent operation of a tractor trailer caused an automobile accident on November 18, 2015. (ECF No. 1). Plaintiffs' complaint was filed within the three-year statute of limitations period. On November 26, 2018, eight days after the statute of limitations ran, Plaintiffs filed an amended complaint adding Bay & Bay Transfer Co., Inc. ("Bay & Bay") as an additional defendant. (ECF No. 5). Plaintiffs allege that Defendant Bay & Bay is the "employer and/or principal of Defendant Marvin Saul and owner of the [t]ractor [t]railer driven by Defendant Marvin Saul." (ECF No. 5, at 2).

Defendant Bay & Bay responded by filing a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), arguing that Plaintiffs' amended complaint contravenes the statute of limitations and fails to state a claim. (ECF No. 13). Plaintiffs filed a two-sentence

contradictory response, wherein they proffer a legal argument against the motion to dismiss and state that they do not oppose the motion to dismiss. (ECF No. 15). Plaintiffs' response in whole states:

> 1. That the claim against Bay [&] Bay was filed outside of the [s]tatute of [l]imitations because of a mistake but Defendant Bay [&] Bay was put on notice that it would have been named in the [o]riginal [c]omplaint but for this mistake. 2. Plaintiffs will not oppose the motion to dismiss.

(ECF No. 15).

A motion to dismiss pursuant to 12(b)(6) does not generally permit an analysis of potential defenses a defendant may have to the asserted claims. However, dismissal may be appropriate when a meritorious affirmative defense is clear from the face of the complaint. *Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 181 (4th Cir. 1996) (citing *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 250 (4th Cir. 1993)). "The statute of limitations is an affirmative defense that should only be employed to dismiss claims pursuant to Rule 12(b)(6) when it is clear from the face of the complaint that the claims are time barred." *Long v. Welch & Rushe, Inc.*, 28 F.Supp.3d 446, 456 (D.Md. 2014) (citations omitted). The burden is on the party asserting the defense, here Bay & Bay, to plead and prove it. *See Newell v. Richards*, 323 Md.

717, 725 (1991) ("As a general rule, the party raising a statute of limitations defense has the burden of proving that the cause of action accrued prior to the statutory time limit for filing suit.").

It is not clear from the face of the complaint that the amended complaint does not relate back to the date of the original filing. *See* Fed.R.Civ.P. 15(c). It is not obvious that Defendant Bay & Bay "should [not] have expected, within the limitations period, that it was meant to be named a party in the first place." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 471 (4th Cir. 2007). Thus, despite the lack of opposition by Plaintiffs, the motion to dismiss will be denied. If Plaintiffs wish to dismiss the claims against Bay and Bay Transfer Co., they may do so directly.

Accordingly, it is this 24th day of January, 2019, by the United States District Court for the District of Maryland, ORDERED that:

1. Defendant Bay & Bay Transfer Co., Inc.'s motion to dismiss (ECF No. 13) BE, and the same hereby IS, DENIED; and

2. The Clerk of Court IS DIRECTED to transmit a copy of this Memorandum Opinion & Order to counsel of record.

_____/s/_____<br>
DEBORAH K. CHASANOW<br>
United States District Judge