IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| TAIWO AGBAJE, et al. | : | |
| | : | |
| v. | : | Civil Action No. DKC 18-3534 |
| | : | |
| MARVIN E. SAUL, et al. | : | |
| | : | |

**MEMORANDUM OPINION & ORDER**

Presently pending and ready for review in this motor vehicle tort case is one portion of a motion *in limine*. (ECF No. 28). Defendants seek permission to cross-examine Plaintiff on the grounds for his disbarment from the practice of law in the state of Maryland in 2014 under Fed R. Evid. 608(b). (ECF No. 28-1, at 5-6). That rule states:

> Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness of: (1) the witness[.]

In *Attorney Grievance Commission v. Agbaje*, 438 Md. 695, 93 A.3d 262 (2014), Plaintiff was disbarred from the practice of law in Maryland. In that case, the court found that Mr. Agbaje's conduct in dealing with a client "[e]ssentially. . . was a fraudulent inducement." (*Id*. at 715). Plaintiff "dishonest[ly],

deceitful[ly], and fraudulent[ly]" induced a client to enter into a dubious real estate investment with him while also representing her in an immigration matter. (*Id*. at 735).

Plaintiff argues that because he "has not been convicted of any crime in the disbarment proceeding" he cannot be questioned regarding his disbarment on cross-examination. (ECF No. 36, at 1). Plaintiff proffers a few other reasons, including the fact that he was not represented by counsel at his disbarment, was seeking psychiatric help at the time, and that he continues to deny the allegations which led to his disbarment. (*Id*. at 1-2).

The United States Court of Appeals for the Fourth Circuit has held, in no uncertain terms, that "FRE 608(b) includes the right to permit a [party], who is a lawyer, testifying in his own behalf to be cross-examined about the basis for a suspension order as well as the proceedings themselves." *U.S. v. Whitehead*, 618 F.2d 523, 529 (4th Cir. 1980); *see also United States v. Leake*, 642 F.2d 715, 718-19 (4th Cir. 1981) (holding that evidence of fraudulent conduct is "clearly probative of truthfulness or untruthfulness"). Contrary to Plaintiff's assertions, there is no requirement under Rule 608 that the conduct at issue must rise to the level of a criminal conviction. Therefore, questioning – on cross-examination – of Mr. Agbaje on his past conduct leading to disbarment is permissible.

Defendants also seek, under the same Rule of Evidence, to cross-examine Mr. Agbaje "in regards to his untruthfulness based on his false responses at deposition. . . When asked if [his disbarment] was related to fraud, the Plaintiff definitively stated 'No. No fraud, no false statement, no. Nothing like that. There was no fraud of any kind at all.'" (ECF No. 28-1, at 7). Mr. Agbaje also denied that there was "any false statement," suggested "there was no fraud of any kind at all," and instead tried to suggest that "[i]t was conflict of interest, really, primarily." (ECF No. 28-1, at 7).

Defendants may cross-examine Mr. Agbaje regarding the conduct that gave rise to his disbarment proceedings, and they may question Mr. Agbaje about the fact that such proceedings occurred. But if Mr. Agbaje "either admits or denies the [disbarment]," Defendants cannot introduce any extrinsic evidence to contradict him. *Whitehead*, 618 F.2d at 529. Any attempt to cross-examine Mr. Agbaje about his deposition answers is really an attempt to circumvent this prohibition. By suggesting that Mr. Agbaje's above deposition answers were untruthful, Defendants would *necessarily* be invoking evidence – in this case, the findings of the Maryland Court of Appeals – that contradicts Mr. Agbaje's answers. Fed. R. Evid. 608(b) does not permit the introduction of such evidence.

For the foregoing reasons, the portion of Defendants' motion *in limine* concerning questioning about the basis for disbarment

3

(ECF No. 28) IS GRANTED in part and DENIED in part.  Defendants may ask him about the conduct that led to the disbarment proceedings, and may ask him if he was disbarred.  They may not go beyond his answers.  No extrinsic evidence may be admitted.


                                    _____/s/_____
                                    DEBORAH K. CHASANOW
                                    United States District Judge